# In the United States Court of Federal Claims

No. 12-429L

(Filed: September 7, 2016)

```
************************************* *
                                      *
THE BLACKFEET TRIBE OF THE            *
BLACKFEET INDIAN RESERVATION,         *
                                      *
                  Plaintiff,          *
                                      *
v.                                    *
                                      *
THE UNITED STATES,                    *
                                      *
                  Defendant.          *
                                      *
************************************* *
```

### ORDER ON PLAINTIFF'S MOTION TO STRIKE

On August 29, 2016, the Court issued a Sanctions Order (Dkt. No. 118) resulting from Defendant's violations of the September 28, 2015 Pretrial Order in this case. Defendant's counsel held substantive discussions with two expert witnesses during the trial after the witnesses had been tendered for cross-examination. Such discussions violated paragraph 7b of the Pretrial Order, which states that "Once counsel tenders a witness to opposing counsel for cross-examination, the presenting counsel may not hold substantive discussions with the witness until cross-examination is concluded." The Court reiterated this requirement during the August 8, 2016 Final Pretrial Conference, stating that:

> THE COURT: And then, finally, after a witness has been tendered for cross examination, *whether it's a fact witness or an expert witness*, the counsel or party who called the witness shall not have any discussions about the case with that person until the cross examination is completed. Is that understood?
>
> MR. ANDERSON: Yes sir, Your Honor.
>
> MR. BAIR: *It is, Your Honor.*

(Aug. 8, 2016 Pretrial Conf., Tr. 7) (emphasis added).  As a result of these violations, the Court ruled that the entire testimony and expert reports of Dr. Robin Cantor, and the redirect testimony of Dr. Mark Finney, shall be stricken and not further considered in this case.

On August 26, 2016, Plaintiff filed a motion to strike Dr. Finney's testimony in its entirety.  (Dkt. No. 117).  Although this motion predated the Court's August 29, 2016 Sanctions Order, the Court did not see Plaintiff's motion until after issuing the Sanctions Order early on August 29.  However, the Court agreed to consider Plaintiff's motion, and invited Defendant to respond by Friday, September 2, 2016.  Defendant timely filed its response and urged the Court not to adjust its August 26, 2016 Sanctions Order.  Defendant asserted chiefly that it did not understand paragraph 7b of the Pretrial Order to apply to expert witnesses, and that it acted in good faith by voluntarily disclosing its substantive discussions with Dr. Finney.  Plaintiff filed a reply in support of its motion to strike on September 6, 2016.

Upon careful review of the parties' arguments, the Court elects not to modify its August 29, 2016 Sanctions Order.  Although the Court does not see how Defendant could have "misunderstood" paragraph 7b of the Pretrial Order, particularly in light of the above-quoted portion of the Pretrial Conference, Defendant nevertheless voluntarily disclosed to the Court counsel's discussions with Dr. Finney.  This witness's redirect testimony was most affected by the impermissible discussions that occurred.  The sanctions already imposed upon Defendant seem appropriate under the circumstances, as well as being fair and reasonable to Plaintiff.  Accordingly, Plaintiff's motion to strike Dr. Finney's testimony is DENIED.

IT IS SO ORDERED.

                s/Thomas C. Wheeler
                THOMAS C. WHEELER
                Judge